**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TAIMI MEGIVERN,

        Plaintiff,                                 Case No. 11-cv-10026

v.                                          Hon. Robert H. Cleland

GLACIER HILLS, INC.,                    Mag. Mark A. Randon
a Michigan Nonprofit Corporation,

        Defendant.

---

| | |
|---|---|
| DAVID M. BLANCHARD (P67190) | BRUCE T. WALLACE (P24148) |
| NACHT, ROUMEL, SALVATORE, | ANGELA L. JACKSON (P53930) |
| BLANCHARD & WALKER, P.C. | HOOPER, HATHAWAY, PRICE, |
| Attorney for Plaintiff | BEUCHE & WALLACE |
| 101 N. Main Street, Ste. 555 | Attorneys for Defendant |
| Ann Arbor, MI 48114 | 126 S. Main Street |
| (734) 663-7550 | Ann Arbor, MI 48104 |
| dblanchard@nachtlaw.com | (734) 662-4426 |
| | bwallace@hooperhathaway.com |
| | ajackson@hooperhathaway.com |

---

**<u>STIPULATED PROTECTIVE ORDER</u>**

At a session of said Court, held in the United States
District Court for the Eastern District of Michigan,
Southern Division on   9/22/2011

Present: <u>ROBERT H. CLELAND</u>
United States District Court Judge

This matter having come before the court by way of the parties' stipulation and the Court

otherwise being fully informed about this matter;

IT IS HEREBY ORDERED:

1.      <u>Scope of this Order</u>.  This Order shall govern the production, use and maintenance of all information produced in discovery in this matter which identifies, relates and/or pertains to residents of Glacier Hills (current and former), and employees of Glacier Hills (current and former).  (collectively, "confidential information").  All confidential information shall be marked or stamped "confidential."  In lieu of stamping documents "confidential," counsel may identify as "confidential" documents or groups of documents in a writing which clearly and plainly identifies the documents and/or information being designated as confidential information.  Deposition testimony may be designated as confidential information either specifically in the record at the deposition or by letter between Counsel as provided above within 30days of receipt of the transcript by the designating party.  The entire transcript shall be treated as confidential information during the 30 day period following its receipt.  Any information, produced by the parties prior to entry of this Stipulated Protective Order may be designated as confidential information within 30 days after entry of this Stipulated Protective Order.

2.      <u>Third Party Discovery</u>.  Absent further order of the Court or consent of the parties, persons who are subject to subpoena, deposition or other discovery mechanism shall be provided a copy of this order and shall have the same rights to designate confidential, proprietary, or business secret information as those set forth with regard to parties in paragraph 1 above.  Furthermore, within 30 days of production, any party to this litigation may designate third party production as confidential by providing notice of such determination, to all other parties.

3.      <u>Use of Confidential Information</u>.   Confidential information produced in this action shall be used by the parties solely for the preparation and presentation of their respective cases for trial and accordingly shall not be disclosed to third parties, or used for any other purpose, without prior agreement between the parties, in writing.  All confidential information filed with the court shall be filed under seal.

4.      <u>Right to Challenge Confidential Designation and Dispute Resolution</u>.  In the event that counsel for the parties at any time believe that Confidential Material should cease to be so designated, such counsel shall so notify counsel for the designating party.  Counsel for the challenging and designating parties shall confer in good faith within ten business days of such notification in an effort to resolve the matter by agreement.  If agreement is not reached within ten business days thereafter, the designating party shall have the burden of moving and may move upon proper notice within thirty days to obtain an appropriate protective order and/or modify this one.  In the event that such a motion is made, any disputed Confidential Material shall remain subject to and protected by this Order until such motion is resolved.

5.      <u>Exclusions from Scope of Order</u>.  This Order shall not apply to any confidential information which:

        c.      The receiving party can show as a matter of written record was independently developed by the receiving party or was received by the receiving party from a third party having the right to make such disclosure.

Notwithstanding the provisions of this Order, a party to this action may disclose confidential information if ordered by a court of competent jurisdiction to do so or if required by law to do so.

6.      <u>Distribution of Confidential Information</u>.   Confidential information may be distributed to outside experts or witnesses whose services Counsel intends to utilize in preparation for the case for trial, PROVIDED HOWEVER that before receiving the confidential information, any such expert first agrees to use and maintain the confidential information consistent with the provisions of this Order.  Prior to distributing confidential information under this paragraph, Counsel shall provide the designating party with five days written notice.  Each expert or witness who receives confidential information shall agree in writing to be bound by this Order by signing the attached Exhibit A and returning it to counsel for the designating party.

7.      <u>Prior Recipients of Confidential Information</u>.   Notwithstanding the provisions above, the confidential information may be disclosed to any person identified on the confidential information as its author, or addressee.

8.      <u>Disclosure by Designating Party</u>.   Nothing in this Order shall prevent a designating party from disclosing confidential information it has designated unless such information has also been designated as confidential by another party to this action in which case all parties shall treat the confidential information consistent with the terms of this order without regard to this paragraph.

9.      <u>Procedure on Termination of Law Suit</u>.  Upon final termination of this action by judgment (unless appealed from), or settlement, or upon final disposition of an appeal, at the option of the producing party, all confidential information shall either: a) be destroyed by the part who then possesses it; or b) be returned to the producing party; or c) kept in confidence in the file of the attorney.

10.     <u>Modification of Order</u>.  The provisions of this Order or their application to any discovery information, including specifically any confidential information, may be modified by stipulation of the parties or by further Order of the Court.

IT IS SO ORDERED.


s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: September 22, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 22, 2011, by electronic and/or ordinary mail.


s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

**EXHIBIT A**

TAIMI MEGIVERN,

        Plaintiff,

vs.                                           File No. 11-cv-10026-RHC-MAR
                                                   Hon. Robert H. Cleland

GLACIER HILLS, INC., a                      Magistrate Mark A. Randon
Michigan non-profit corporation,

        Defendant.

_____/

**DECLARATION**

I, _____, hereby declare as follows:

      I reside at _____

_____.

      I hereby acknowledge that I am to receive documents or information pursuant to the terms of the Confidentiality Stipulation and Order (the "Confidentiality Order") in *Taimi Megivern v. Glacier Hills, Inc.*, File No. 11-cv-10026-RHC-MAR (E.D. Mich.) (the "Action"). I agree to submit to the jurisdiction of this Court for proceedings involving allegations of my violation of this Order. I certify that I have read and understand the Confidentiality Order and agree to be bound by its terms.

      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

      Executed on the _____ day of _____, _____.

                      By:_____

## <u>STIPULATION</u>

Stipulated and Agreed To
As In Content and Form:


Respectfully submitted,


NACHT, ROUMEL, SALVATORE,                  HOOPER, HATHAWAY, PRICE,
BLANCHARD & WALKER, P.C.                    BEUCHE & WALLACE


s/David M. Blanchard_____        s/Angela L. Jackson_____
DAVID M. BLANCHARD (P67190)                 ANGELA L. JACKSON (P53930)
Attorney for Plaintiff                      Attorney for Defendant
101 N. Main Street, Ste. 555                126 S. Main Street
Ann Arbor, MI 48114                         Ann Arbor, MI 48104
(734) 663-7550                              (734) 662-4426
dblanchard@nachtlaw.com                     ajackson@hooperhathaway.com


Dated: September 21, 2011                   Dated: September 21, 2011



Order prepared by:

s/Angela L. Jackson_____
ANGELA L. JACKSON (P53930)
Attorney for Defendant
(734) 662-4426